PAULINE SINAHOPOULOS, PETITIONER-RESPONDENT, v. GEORGE & EILEEN VILLA (QUINTY VILLA), RESPONDENTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1966—Decided November 23, 1966.

Before Judges GOLDMANN, KILKENNY and COLLESTER.

On appeal from the Hudson County Court, Law Division.

*Mr. John N. Weber* argued the cause for appellants (*Messrs. Sanderson & Cullen,* attorneys; *Mr. Harry Lane, Jr.,* of counsel).

*Mr. Kenneth K. Koenig* argued the cause for respondents (*Messrs. Max & Koenig,* attorneys).

PER CURIAM. The single question presented on this appeal from the County Court's affirmance of an award obtained by petitioner in the Workmen's Compensation Division is whether the compensation judge, by reason of statements he had made in chambers when exploring the possibilities of a settlement prior to hearing, had prejudged the matter and thereby deprived respondents of a fair hearing on the merits. Respondents do not contend that petitioner's injury was not work-connected, nor do they challenge the award of 25% partial total disability, orthopedic and neurological in nature.

On appeal, we review the correctness of the County Court judgment. The county judge, on the trial *de novo,* fully reviewed the record, and independently—bringing a "new mind" to the consideration of the proofs—determined that the 25% award was a proper one. No claim of prejudging can be made, or is made, with regard to the county judge. The only argument respondents can possibly have is to claim, as they do, that the county judge wrongly determined that the compensation judge did not prejudge the case.

In our opinion, the county judge's conclusion on this aspect of the matter was proper, for we find no prejudgment by the compensation judge. A reading of the record shows that the hearer frankly stated on the record that during the settlement hearing in chambers he had said that Dr. Siegel's report impressed him much more than Dr. Flicker's; that he had reviewed the two reports and indicated to counsel that the difficulty might be that Dr. Flicker evaluated the condition due to the accident alone, whereas Dr. Siegel's report encompassed not only that part of the disability due to the accident, but petitioner's over-all disability, including any

pre-existing disability. He further said that he had indicated that respondents' offer of 10% of partial total was out of line, and although he could have no *present* opinion as to disability inasmuch as he had not yet heard all the testimony, he would have difficulty, in light of the reports, in going along with the 17½% of partial total recommended by petitioner's attorney. However, "that did not at that moment represent my opinion of the disability." After referring to his experience in compensation matters and the fact that, in the end, he would be called upon to make evaluations in light of the expertise which courts assign to a compensation judge, he said:

"I have not pre-judged the case. I am bound neither by the 10 percent that you offered nor by the 17½ percent that petitioner's attorney has asked for. I have a responsibility and that responsibility I shall perform."

When respondents' counsel commented that he did not see why the compensation judge should insist on trying the case, the reply was:

"* * * I contend that I have a right to hear this case, and I assure you that I shall be guided by the evidence and by nothing else."

Settlement conferences, particularly in workmen's compensation proceedings, have become a necessary part of judicial administration. In such a conference it frequently becomes necessary for the judge to discuss the probability of a party's chance of success with respect to a claim or defense, and more often than not to discuss the dollar value of the case. This is not without some risk, because once such a conference has taken place it is possible, in the eyes of one or more of the litigants or lawyers, that the apparent impartiality of the judge may be somewhat impaired. Nevertheless, the mere fact that the judge participated in a pretrial conference with a view to possible settlement of the case does not and should not indicate prejudgment.

■ True, the compensation judge observed that he "would have a difficult time in going along with the 17½ percent" settlement offer. However, if prejudgment is to be ascribed to such a comment under circumstances where the compensation judge has had the opportunity to examine the medical reports and to express a preliminary opinion thereon, the beneficial practice of settlement conferences would be seriously impaired. All that is required where a settlement has not been reached, is that the compensation judge make his determination on the basis of a thorough examination and fair assessment of the proofs presented.

■ The compensation judge's well-reasoned oral opinion shows that he carefully evaluated the testimony and arrived at a disability he considered fair in light of the entire record. The opinion reveals that he did not rely upon any of the pretrial discussion, but rather upon the evidence. Like the county judge, we perceive no prejudgment on his part.

The determinations of the county judge and of the compensation judge are reasonably supported by substantial credible evidence present in the whole record, giving due regard to the expertise of the hearer and his opportunity to assess the credibility of the witnesses both lay and expert. *Close v. Kordulak Bros.*, 44 *N. J.* 589, 599 (1965).

The judgment is affirmed.